IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISSIS SARAHI DALA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:25-427 |
| | ) | |
| v. | ) | District Judge Stephanie L. Haines |
| | ) | Magistrate Judge Keith A. Pesto |
| KURT WOLFORD, *in his official capacity as* | ) | |
| *Warden of the Cambria County Prison, et al.*, | ) | Re: ECF Nos. 1 and 6 |
| Respondents. | ) | |
| | ) | |
| | ) | |

### MEMORANDUM OPINION

Petitioner ISSIS SARAHI DALA ("Petitioner") is an immigration detainee who is held at the Cambria County Prison ("CCP"). Petitioner submitted a "Petition for Writ of Habeas Corpus" (the "Petition") on November 18, 2025. ECF No. 1. Petitioner has been detained in the custody of the Department of Homeland Security ("DHS") since July 2, 2025, pending her removal proceedings. ECF No. 1, ¶ 1. DHS's sole argument for Petitioner's continued detention is that she is ineligible for a bond determination, consistent with the Bureau of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 2016 (BIA 2025) (holding 8 U.S.C. § 1225(b)(2) makes noncitizens like Petitioner who are apprehended in the United States but have never been admitted subject to mandatory detention without a bond hearing, violates the statute.)

In the Petition, Petitioner challenges her mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2). Id. ¶ 3; see also ECF No. 6, p. 1. Petitioner asserts that she arrived in the United States, without inspection in August of 2018. ECF No. 1, ¶ 1. She has lived in the United States continuously with her four children for seven years and has never been charged with a crime. Id. On August 4, 2018, DHS issued Petitioner a Notice to Appear (hereinafter, "NTA"), charging her with inadmissibility, and released Petitioner on her own recognizance on August 5, 2018. Id.

1

¶ 20. On May 9, 2022, the case was dismissed without prejudice pursuant to a joint motion to dismiss filed by the parties for prosecutorial discretion. Id. DHS filed a renewed NTA on July 2, 2025, commencing removal proceedings against Petitioner and subsequently detained her at the Clinton County Correctional Facility ("CCCF") located at 58 Pine Mountain Rd, McElhattan, PA 17748. Id.

### A. The Petition will be Granted.

Respondents have not yet answered the Petition. However, they have had an opportunity to assert their position on the legality of Petitioner's detention in an Opposition brief in response to Petitioner's Motion for a Temporary Restraining Order, Motion Preliminary Injunction, ECF Nos. 6 and 11.

In their Opposition, Respondents concede that Petitioner is being detained without bond under Section 1225(b)(2), and provide various arguments as to why that section, rather than Section 1226(a), should apply to Petitioner. ECF No. 11 (III Argument). However, Respondents' arguments are premised on their assertion that Calzado Diaz v. Noem, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) doesn't apply in this case. They assert that Petitioner's detention is governed by 8 U.S.C. § 1225(b), because she is an "alien who is an applicant for admission" to the United States because she entered without inspection. This Court disagrees.

Based on the facts presented in this case, the premise that Petitioner's detention is governed by § 1225(b) is explicitly rejected by this Court in Calzado, No. 3:25-CV-00458, 2025 WL 3628480, at *4 ("Upon careful examination of these two statutes, and for the following reasons, the Court finds that § 1225(b)(2) is tethered more closely to the border and speaks to the potential detention of aliens there, whereas § 1226(a) applies more readily to the potential detention of aliens who have been living within the country.") In response to the Court's order to explain "why this

Court's decision in Calzado Diaz [] should not be applied to the instant case[,]" ECF No. 7, p. 3, Respondents asserted that it has not been established that "§ 1225 applies only at the border or does not apply to the interior of the country. Section 1226(a) applies to the many aliens within the United States who have been admitted, such as legal permanent residents – but § 1225, on its text, distinguishes those aliens from aliens like Dala who were not admitted and have no lawful immigration status." ECF No. 11, p. 2. This Court disagrees.[1]

For the reasons already articulated by this Court in Calzado Diaz, the undersigned finds that Petitioner's detention is governed by Section 1226(a), and that she has a statutory right to a substantive bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). See also 8 C.F.R. § 1003.19. Accordingly, a hearing before an immigration judge is the proper forum to determine whether bond is appropriate under that statute and the applicable regulations.

This Court is not making any finding whatsoever regarding Petitioner's ultimate detention or release. Rather this Court finds, as a matter of statutory interpretation, that Petitioner is entitled to bond a hearing. Any other habeas relief requested by Petitioner, such as immediate release, or a bond hearing in this Court, is denied.[2] To the extent that Petitioner seeks direct review of the

---

[1] This Court notes similar findings in sister courts. https://www.americanimmigrationcouncil.org/practice-advisory/ina-235b-detention-practice-advisory/

[2] This Memorandum Opinion should not be interpreted to foreclose a challenge to Petitioner's detention under Section 1226(a) in the future, as appropriate, if it becomes unreasonably prolonged. Cf. German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203 (3d Cir. 2020) (mandatory detention pursuant to 28 U.S.C. § 1226(c) may become unreasonably prolonged, and require a bond hearing at which the government bears the burden). See also Borbot v. Warden Hudson Cnty. Corr. Fac., 906 F.3d 274, 280 (recognizing that, even after a bond hearing under Section 1226(a), immigration detention might become unreasonably prolonged). But see Flores-Lopez v. Lowe, No. 21-CV-1839, 2021 WL 6134453, at *2 (M.D. Pa. Dec. 29, 2021) (collecting cases, and concluding that detention of 19 months under Section 1226(a) was not unconstitutionally prolonged absent some constitutional defect in the underlying bond hearing). Nor should this Memorandum Opinion be interpreted to limit any arguments that Petitioner might make in a forthcoming bond hearing.

IJ's alternative finding that he has not met his burden for relief under Section 1226(a), this Court lacks jurisdiction to do so, and the same is denied. 8 U.S.C. § 1226(e).

**B.   The Preliminary Injunction Motion is Moot.**

In light of the relief granted herein, Petitioner's Motion for Preliminary Injunction ("PI") (ECF No. 2) is denied as moot at this time, or alternatively on the merits.

**C.   A Certificate of Appealability is Unnecessary.**

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

**D.   Conclusion**

For the foregoing reasons, the Petition, ECF No. 1, will be conditionally granted. The Motion for Preliminary Injunction, ECF No. 6, will be denied as moot. Any relief requested in the PI Motion that is not moot will be denied.

An appropriate Order follows.

Dated: January 15, 2025

BY THE COURT,

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

cc:   Counsel of record (*via* CM/ECF)